UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM FOSTER o/b/o
DONNA MARIE FOSTER,

   Plaintiff,

               No. 3:16-cv-194(WIG)

     v.

CAROLYN COLVIN,
Acting Commissioner of
Social Security,

    Defendant.
_____X


ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY
OF JUDGMENT WITH REVERSAL AND REMAND [DOC. # 25]

   Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security

Administration, has moved this Court to enter judgment under sentence four of 42 U.S.C. §

405(g), with a reversal and remand of this cause to the Commissioner for further action. Counsel

for Defendant represents that Plaintiff's counsel, Ivan M. Katz, Esq., consents to the relief sought

in the motion.

   Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment

with a reversal and remand of the cause to the Commissioner for further proceedings.  *Shalala v.*

*Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).   Remand

for further development of the record is appropriate when gaps exist in the administrative record

or when the administrative law judge ("ALJ") committed legal error.  *Parker v. Harris*, 626 F.2d

225, 235 (2d Cir. 1980).

   Here, the Commissioner has determined that further development of the record and

additional administrative action is warranted.  Upon remand, the Social Security Administration

Appeals Council will affirm the ALJ's determination that plaintiff's onset of disability date is June 6, 2013. Moreover, the Appeals Council will remand this case to an ALJ to address the issue of disability for the period prior to June 6, 2013. Plaintiff will be given an opportunity for a new hearing and to submit additional evidence in accordance with 20 C.F.R. §§ 405.331 and 405.350. The ALJ will reassess Plaintiff's maximum residual functional capacity and, in so doing, reevaluate the medical and other opinions of record. The ALJ will also, if warranted, obtain vocational expert testimony to determine whether Plaintiff can perform past relevant work and/or adjust to other work that exists in significant numbers. The ALJ will then issue a new decision.

Accordingly, Defendant's Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant [Doc. # 25] is granted.

This is not a Recommended Ruling. The parties have consented to the Magistrate Judge's entering a final order in this case without the need for entry of a recommended ruling and review by a District Judge. *See* Fed. R. Civ. P. 73(b). The Clerk is directed to enter a separate judgment in favor of Plaintiff in this matter under Rule 58(a), Fed. R. Civ. P., to remand this cause to the Commissioner for further administrative proceedings in accordance with this Order, and to close this case.

It is SO ORDERED, this  24th  day of August, 2016, at Bridgeport, Connecticut.

                           */s/ William I. Garfinkel*
                           WILLIAM I. GARFINKEL
                           United States Magistrate Judge